UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

FRANCISCO M. VAZQUEZ,

Plaintiff,

v.

ALLEN COUNTY JAIL, et al.,

Defendants.

CAUSE NO. 1:23-CV-290-HAB-SLC

OPINION AND ORDER

Francisco M. Vazquez, a prisoner without a lawyer, filed a complaint against the

Allen County Jail and Allen County Sheriff. ECF 1. "A document filed *pro se* is to be

liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to

less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*,

551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28

U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it

if the action is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Mr. Vazquez states that, on November 15, 2021, while he was

housed at the Allen County Jail, his attorney sent him 80 pages of discovery materials

pertaining to his criminal case. ECF 1 at 2. He asserts that jail officers caused delays in

allowing him to see the discovery materials and he was only permitted to review the

materials one time. *Id*. He believes the discovery materials were kept from him to coerce

him into pleading guilty and signing a plea agreement. *Id*.

As an initial matter, Mr. Vazquez cannot proceed against the Allen County Jail because this is a building, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Mr. Vazquez likewise cannot proceed against the Allen County Sheriff. A pre-trial detainee who is without counsel needs the tools necessary to prepare his defense, but jail officials are not required to provide legal materials to an inmate who "was represented by counsel on his criminal charges." *Martin v. Tyson*, 845 F.2d 1451, 1456 (7th Cir. 1988). As for his access to discovery, even if the Allen County Sheriff had refused to provide Mr. Vazquez with his discovery materials, that refusal would not amount to a constitutional violation. *United States v. Cruz-Velasco*, 224 F.3d 654, 665 (7th Cir. 2000) ("It is well-established, however, that there is no constitutional right to discovery in non-capital criminal cases[.]"). Here, Mr. Vazquez concedes he examined his discovery materials on one occasion. The limitations on how often he examined his discovery materials have not impinged upon Mr. Vazquez's constitutional rights, and he may not proceed against the Allen County Sheriff on his claim.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on August 15, 2023.

s/Holly A. Brady
CHIEF JUDGE
UNITED STATES DISTRICT COURT